Hemhauser v. Decker.

THERESIA HEMHAUSER et al.

*v.*

JOHN DECKER, executor &c.

A testator gave "to my beloved wife all my real estate and all my personal
and movable property, be the same situated, lying and being wheresoever it
may be found, for her use and benefit for her lifetime, and during her remain-

Hemhauser *v.* Decker.

ing widow, with the privilege to sell and dispose of the same at her own free will, but only during her said widowhood, and also in case of necessity to bor-- row money on said property in her name during the said term of widowhood &c. with a different provision for her in case of her remarriage." A subsequent clause provided that "in case of her death as widow, * * * the whole hereditament" be equally divided among testator's children. On a bill filed by the widow, who is unmarried, and the children, for the construction of this clause—*Held,* that it conferred upon her a power to sell and convey the fee of the lands, provided the power should be exercised during her widowhood..

---

Bill for construction of will. On final hearing.

*Mr. J. J. Hubbell,* for complainants.

THE CHANCELLOR.

Louis Hemhauser, of the city of Newark, died on or about January 14th, 1884, seized of real estate there. He left a widow and eight children. She and they are the complainants in this suit. By his will he provided as follows:

"1. It is my will, and I do order that all my just debts and funeral expenses be duly paid and satisfied as soon as conveniently can be after my decease.

"2. I give and bequeath to my beloved wife, Theresia, all my real estate and all my personal and movable property, be the same situated, lying and being wheresoever it may be found, for her use and benefit for her lifetime and during her remaining widow, with the privilege to sell and dispose of the same at her own free will, but only during her said widowhood, and also in case of

---

NOTE.—A devisee to whom lands were given for life or widowhood, was held to have power to convey them in fee, *by deed, during her widowhood,* under the following testamentary provisions: "With full power to have and to hold to sell or convey the same, during the term of her natural life," *Bishop* v. *Remple, 11 Ohio St. 277;* see *Nimmons* v. *Westfall, 33 Ohio St. 213;* "all my property to my beloved wife, during her natural life or widowhood, with power to dispose of the same by sale, will or otherwise, at her discretion," *Stroud* v. *Morrow, 7 Jones 463;* "to my beloved wife, one-third part of all my real and personal estate * * * to have at her disposal during her natural life, or as long as she remains my widow," *White* v. *White, 21 Vt. 250; Hart* v. *White, 26 Vt. 260;* "to my beloved wife, the use, during her life, * * * of all my personal property and real estate, except as is hereafter excepted," followed by several specific legacies, "to be paid if she thinks proper, otherwise it is to be disposed of as may best suit her," and " and after the decease of my wife, all my property, if any remains," to A, B and C; then "it is my desire that my executrix sell my farm * * * ," and made his wife executrix, *Ramsdell* v. *Ramsdell, 21 Me. 288;* "to my wife, all my estate, real and personal, during her natural life," and, by a sub-

Hemhauser *v.* Decker.

necessity to borrow money on said property in her name during the said term of her widowhood, and for this, and all the benefits arising therefrom, she, my said wife, Theresia, shall have the duty to give a good citizenlike education and learning to our remaining minor children, and to act in good understanding with the hereinafter named guardians, executors &c.

"3. In case my wife, Theresia, should marry again, then it is my will, and I do order, that only her part which the law gives to her shall be all she can receive out of the hereditament.

"4. In such case as said herebefore in article 3, my hereinafter-appointed guardians &c. may take possession of the hereditament coming to my said minor children, put the same in a good banking institution, bearing interest, and to use the same for the further education of my said minor children, until their full age.

"5. In case my wife, Theresia, remains widow, and in case of her death as widow, it is my will, and I do order, that all my real estate and movable property be sold by my hereinafter-named guardians, executors or administrators, and divided between my children, to them in equal shares, part and part alike, with the only provision that my wife, Theresia shall have the privilege to [dis]inherit every of my said children who is opposite to her, of bad character or unrulesome.

"6. I hereby appoint my friends, Charles Hook and John Decker, to be and act as guardians during the said minority of my said children, and also to act as executors and administrators of this my last will and testament.

"7. It is my will and understanding that after the death of my wife, provided as in said article 5, the whole hereditament be divided between all my children, in equal parts, share and share alike."

The bill is filed against one of the two executors, the only one

sequent clause, "I will that, at the decease of my wife, all my real estate that may remain unexpended by her, be divided &c.," *Shaw* v. *Hussey, 41 Me. 495 ;* a gift to testator's widow of the use and income for her life of all his estate, with authority "to use so much of the principal as she may think necessary, if the income of said estate shall be insufficient for her support," and "full power and authority to sell any part or all of the estate whenever she may think it expedient, either for her support or investment;" and giving to his daughter "all of said estate that may remain at the death of my said wife," *Dodge* v. *Moore, 100 Mass. 335 ;* also *Hale* v. *Marsh, Id. 468 ;* "that my wife have the entire control of my personal and real estate  *  *  *   so long as she shall live, for her support and maintenance in such manner as her situation in life requires," with a gift of a conditional remainder in part of the lands to A, and a devise of certain lands to B, followed by "all the rest of my estate, real and personal, after the termination of the life estate of my wife, I give to my heirs-at-law ;" also, "I hereby give to my wife full power to sell all my personal estate and all my real estate, except the lands willed to A and B aforesaid, *should it be necessary for her to do so, for her maintenance and support," Crozier* v. *Hoyt, 97 Ill. 23 ;*

Hemhauser *v.* Decker.

who proved the will. The other renounced. The question submitted for decision is, whether the widow (who is still unmarried)' has power to sell the real estate in fee. By the second section of the will, the testator gives to her the use of all his property, real and personal, during her widowhood, " with the privilege to sell and dispose of the same at her own free will, but only during her said widowhood; and also in case of necessity to borrow money on said property in her name during the said term of her widowhood;" and adds " for this and all the benefits arising therefrom, she, my said wife, Theresia, shall have the duty to give a good citizenlike education and learning to our remaining minor children, and to act in good understanding with the hereinafter-named guardians, executors &c." Here is, undoubtedly, a power of sale, the exercise of which is confined to the widowhood of the donee. The only question to be considered is as to what is the estate or interest which she is thus authorized and empowered to sell. The testator did not intend to limit it to her own estate for her widowhood. Such an estate would obviously be of but little value. The same may be said as to the power to mortgage. No loan of any considerable amount could be effected on a mortgage of the widow's estate during widowhood. If the limitation in question applies only to the time within which the power is to be exercised, then there is no ground

also *Hull* v. *Culver, 34 Conn. 403; Norcum* v. *D' Œuch, 17 Mo. 98; Jarrott* v. *Vaughn, 2 Gilm.* (*Ill.*) *132; Smith* v. *Snow, 123 Mass. 323; Hall* v. *Preble, 68 Me. 100; Johnson* v. *Batelle, 125 Mass. 453; Gibbins* v. *Shepard, 125 Mass. 541; Henderson* v. *Blackburn, 104 Ill. 227; Dillin* v. *Wright, 73 Pa. St. 177; McGavock* v. *Pugsley, 1 Tenn. Ch. 410; Totten* v. *Sprague, 15 N. Y. Weekly Dig. 206; Tollands Ins. Co.* v. *Underwood, 50 Conn. 493; Yates* v. *Clark, 56 Miss. 212;* "I will and bequeath to my wife all my real estate, to do as she shall wish for her own use while she continues my widow, I will that she shall sell one lot [describing it], and apply the proceeds to her own use," *Boyer* v. *Allen, 76 Mo. 498;* a gift to testator's daughter of "all my real and personal estate of every description, * * * to use and dispose of as she may think proper during her natural life, provided she maintains and supports her mother decently during her life," *Canedy* v. *Jones, 19 S. C 297;* "I give to my sister S. the use of all the rest of my real estate during her natural life, and for her to dispose of as she may think proper," *Lewis* v. *Palmer, 46 Conn. 454;* also *Cummings* v. *Shaw, 108 Mass. 159;* "I give and bequeath to my widow all and singular my whole estate, real and personal, to have and to hold during her natural life," with a subse-

whatever for claiming that the widow is limited as to the estate to be sold or mortgaged. To enable the donee of a power to convey a fee, it is not necessary, when it appears that the donor intended to authorize such grant, that he should specify the estate; it is enough if the power be merely a power to sell. "Where," says Sir Edward Sugden, "the intention is clear, a power may enable the donee to dispose of the fee, though no words of inheritance be used, as where a testator gives a power to sell lands, the donee may sell the inheritance, because the testator gives the same power he himself had. *1 Sugd. on Pow. 501.* There is nothing in the provisions of the will under consideration, subsequent to the grant of the power to limit the estate. Those provisions are intended to apply to the property if it should not have been conveyed, or to the proceeds thereof, if it should have been disposed of under the power, as the case might be. The will is clumsily drawn, and was drawn by a person but imperfectly acquainted with the English language, but it is clear, from its language and provisions, that the testator intended to give his widow power to sell the real estate in fee, provided she exercised the former during her widowhood, but not otherwise.

---

quent restriction that she should not bequeath or devise any part of the estate to his or her "blood kin," *Barnard* v. *Bailey, 2 Harring. 56;* see *Bull* v. *Kingston, 1 Meriv. 314;* a testator gave certain houses and lots to his wife, and then provided that "the two houses and lots on Monument St. to be disposed with as my said wife sees fit, *at her decease,*" followed by a clause, "and I also give and bequeath unto my said wife *al l*my property, * * * to have and to hold for her benefit, maintenance and comfort, during her life," *Benesch* v. *Clark, 49 Md. 497;* see *Foos* v. *Scarf, 55 Md. 301;* to testator's wife "to have and to hold and enjoy during her lifetime, and dispose of the same as shall ·seem best unto her, * * * but it is my wish and desire that my said wife will leave at her death the property, or any part that may be then remaining in her hands," to A, *Second Ref. Church* v. *Disbrow, 52 Pa. St. 219;* "I will and bequeath all the property I may be possessed of * * * to my brother ·Christian, without any reservation, to be used by him while he lives," and then to Christian's lawful heirs, and in default of such heirs to A and B, *King* v. *King, 12 Ohio 390;* to testator's mother "to hold and enjoy the same during her life, with full power to sell the same or any part thereof, and to appropriate the proceeds to her own use and benefit, and all deeds and conveyances of real estate by her made shall pass a title in fee to the purchasers; it being my will that she

shall enjoy the same as though it were devised in fee," and after her death to D., *Downie* v. *Downie, 9 Biss. 353 ;* "I lend all my estate, of all kinds, to my wife during her natural life; and I give all the said estate to be divided equally between the children of A, deceased, at his death, unless my said wife shall order it to the contrary," *Lillard* v. *Robinson, 3 Litt. 415 ;* "I give and bequeath to my wife, to have and to hold and enjoy during her natural life, all the land [and personalty] that I may possess at the time of my death, * * * that she may have full control of the same and be empowered to dispose of the same as she may think proper," *Andrews* v. *Brumfield, 32 Miss. 107 ;* "I will that my beloved wife raise my three youngest children, * * * and that they have a good common English education, * * * and I will and bequeath to her all my estate, both real and personal, * * * during her lifetime. * * * I will that any of my real estate may be sold at any time for the comfort and benefit of my beloved wife and my three children left with her, * * * as my executors may deem most expedient." He appointed his wife and A executors. A died before the testator, and the widow alone qualified, *Hazel* v. *Hogan, 47 Mo. 277 ;* "that my wife * * * shall take, at my decease, my whole estate, real and personal, * * * and manage the same at discretion, and deal with the same as though she were entire and sole owner; that she pay all my debts and all proper charges against my estate, out of the same, in such manner as she may deem expedient, without any sale of the same, except such as she may, in her discretion, voluntarily make, and that such possession, and entire control and disposal, continue to and in her during her natural life ;" with a clause that at her death whatever might remain of the estate should descend to his heirs ; and in the event of his widow's remarriage "she be put upon her dower of one-third, and that the fee and ownership of my said estate vest in said heirs, subject to said dower interest," *Markillie* v. *Ragland, 77 Ill. 98 ;* to testator's widow, "all my property, real and personal, during her life, and, at her death, if anything should remain, the same to be divided among my heirs-at-law," *Clark* v. *Middlesworth, 82 Ind. 240 ;* "to my wife all my [personalty], my plantation and all its appurtenances * * * during her natural life, with full privilege to sell and use the same, to pay any debts that may be owing, or for her support, and all other legal purposes. I have heretofore given to all my children what I allowed them, unless there should something remain after my wife's death, which I allow to be equally divided among my children," *Bean* v. *Myers, 1 Coldw. 226 ;* a devise for life to the widow, with power, given by a codicil, to sell and convey all or any part of it, and to dispose of the proceeds thereof as she shall find necessary and proper, *Waring* v. *Waring, 17 Barb. 552 ;* " unto my wife, all my estate, both real and personal, * * * as long as she may live, and what may be left at the time of her death of either my personal or real estate, to be sold at public sale and the proceeds thereof to be equally divided between my heirs under the laws of this state, and I hereby give my said wife full power and authority over the same during her natural life," with "full authority" to dispose of any of said personal property during her life, and if that should become exhausted to sell and convey the real estate "in as full and ample a manner as I could do if I

Hemhauser v. Decker.

were living," *South* v. *South, 91 Ind. 221;* "to my wife the place on which I now reside, * * * together with all other property, both personal and real, of which I am at present possessed, for and during her natural lifetime, to be applied as she may deem best to the support and maintenance of herself and our children; and in the event of her death such of the property as may be left to be divided equally among those of our children as shall survive her. The particular object of this bequest is to constitute my wife the possessor during her lifetime, and the unrestrained controller of my property," *Orr* v. *O'Brien, 55 Tex. 149;* "I do give and bequeath all the property I am possessed of to my father, to spend both principal and interest, or any part of it, during his lifetime;" * * * should he not spend it, then to A and B," *Henderson* v. *Cross, 29 Beav. 216;* a testator gave realty and personalty to his widow "for the term of her natural life, to be disposed of as she may think proper for her own use and benefit, according to the nature and quality thereof," and "in the event of her decease, should there be anything remaining of the said property or any part thereof," he gave that to certain persons, *Herring* v. *Barrow, 43 L. T. (N. S.) 35, L. R. (13 Ch. Div.) 144, (14 Ch. Div.) 263;* "to my wife, the house and premises that I now possess, * * * together with all and singular my other remaining property, to the personal and real, to be hers during her natural life, to be at her full and free disposal to whom and whensoever she pleases; out of which it is my will that all my just debts be paid," *Humberstone* v. *Thomas, 3 U. C. Q B. (O. S.) 516;* "to my wife, my town lots, * * * together with all my personal property, * * * to be at her disposal during her natural life," *Anderson* v. *Hamilton, 8 U. C. Q. B. 302;* also *Bergin* v. *Sisters of St. Joseph, 22 U. C. Q. B. 204.*

But many cases hold that similar testamentary devises only confer a power to dispose of a life estate in the lands, *Scott* v. *Josselyn, 26 Beav. 174; Keeler* v. *Collins, 7 U. C. Q. B. 519; Mulberry* v. *Mulberry, 50 Ill. 67; Funk* v. *Eggleston, 92 Ill. 515; Ackerman* v. *Gorton, 67 N. Y. 63; Burleigh* v. *Clough, 52 N. H. 267; Dean* v. *Nunnally, 36 Miss. 358; Stuart* v. *Walker, 72 Me. 145; Brant* v. *Virginia Coal Co., 93 U. S. 326; Welsch* v. *Belleville Sav. Bank, 94 Ill. 191; Milhollen* v. *Rice, 13 W. Va. 510; Kennedy* v. *Kennedy, 105 Ill. 350; Weed v. Aldrich, 5 T. & C. (N. Y.) 105, 2 Hun. 531; Edwards* v. *Gibbs, 39 Miss. 166; Tatum* v. *McLellan, 50 Miss. 1; Cockrill* v. *Maney, 2 Tenn. Ch. 49; Foote* v. *Sanders, 72 Mo. 616; Thompson* v. *Vance, 1 Metc. (Ky.) 669; Wetter* v. *Walker, 62 Ga. 142.*

As to the effect of a widow's remarriage on devises to her, with a power of disposition during her widowhood, *Marples* v. *Bainbridge, 1 Madd. 317; Pickwell* v. *Spencer, L. R. (6 Exch. 190), (7 Exch.) 105; Evans* v. *Rosser, 2 Hem. & M. 190; Lloyd* v. *Lloyd, 2 Sim. (N. S.) 255; Underhill* v. *Roden, L. R. (2 Ch. Div.) 494; Nowlan* v. *Walsh, 4 De G. & Sm. 584; Brown* v. *Hammond, Johns. (Eng.) 210; Burgess* v. *Burrows, 21 U. C. C. P. 426; Swope* v. *Swope, 5 Gill 225; Steger's Estate, 11 Phila. 158; Green* v. *Hewitt, 97 Ill. 113; Giles* v. *Little, 104 U. S. 291; New* v. *Potts, 55 Ga. 420; Aaron* v. *Beck, 9 Rich. Eq. 411; Bryant* v. *Christian, 58 Mo. 98; Missionary Society* v. *Calvert, 32 Gratt. 357; Coppage* v. *Alexander, 2 B. Mon. 313; Dumey* v. *Schœffler, 24 Mo. 170;*

North River Construction Co.'s Case.

*Stilwell* v. *Knapper*, 69 Ind. 558; *Vaughn* v. *Lovejoy*, 34 Ala. 437; *Gough* v. *Manning*, 26 Md. 347; *Frey* v. *Thompson*, 66 Ala. 287; *Mandelbaum* v. *Mc-Donell*, 29 Mich. 78; *Jenkins* v. *Merritt*, 17 Fla. 304; also *Scott* v. *Tyler*, 2 *White & Tud. Lead. Cas. in Eq.* (4th ed.) 429.

As to the effect of a conveyance by the widow to the children—remainder-men, *Ryder* v. *Flanders*, 30 Mich. 336; *Bentley* v. *Long*, 1 Strobh. Eq. 43.

As to analogous bequests of personal property, *Surman* v. *Surman*, 5 Madd. 123; *Bradley* v. *Westcott*, 13 Ves. 444; *Perry* v. *Merritt*, L. R. (18 Eq.) 152; *Watkins* v. *Williams*, 3 Macn. & G. 622; *Archibald* v. *Wright*, 9 Sim. 161; *Reith* v. *Seymour*, 4 Russ. 263; *Maxwell's Will*, 24 Beav. 246; *Smith* v. *Bell*, 6 Pet 68; [doubted in *Albee* v. *Carpenter*, 12 Gray 387; *Gifford* v. *Choate*, 100 U. S. 346; *Stuart* v. *Walker*, 72 Me. 153]; *S. C., Mart. & Yerg.* 302 (?); *Boyd* v. *Strahan*, 36 Ill. 355; *McKenzie's Appeal*, 41 Conn. 607; *Dean* v. *Nunnally*, 36 Miss. 358; *Boling* v. *McClelland*, 66 Ind. 373; *Cohen* v. *Cohen*, 4 Redf. 48; *Harris* v. *Knapp*, 21 Pick. 412; *Andrews* v. *Bank of Cape Ann*, 3 Allen 313; *Hambright's Appeal*, 2 Grant's Cas. (Pa.) 320; *Green's Appeal*, 42 Pa. St. 25; *Downing* v. *Johnson*, 5 Coldw. 229; *Sutphen* v. *Ellis*, 35 Mich. 446; *Lamore* v. *Frisbie*, 42 Mich. 186; *Hughes* v. *Boyd*, 2 Sneed 512; *Colin* v. *Green*, 2 Mill (S. C.) 346; *Johnson* v. *Yates*, 9 Dana 491; *Merritt* v. *Brantley*, 3 Fla. 226.

Under what circumstances a testamentary power may be exercised by a devisee for life, by deed, *Anon.*, 3 Leon. 71; [denied in *Goodtitle* v. *Otway*, 2 Wils. (K. B.) 7; but *Goodtitle* v. *Otway* was denied in *Ramsdell* v. *Ramsdell*, 21 Me. 295; *Milhollen* v. *Rice*, 13 W. Va. 523]; *Tomlinson* v. *Dighton*, 1 P. Wms. 149; *Liefe* v. *Saltingstone*, 1 Mod. 189; *Doe* v. *Thorley*, 10 East 438; *Beachcroft* v. *Broome*, 4 T. R. 441; *Fairman* v. *Beal*, 14 Ill. 245; *Dunning* v. *Vandusen*, 47 Ind. 423; *Terry* v. *Wiggins*, 47 N. Y. 512; *Flanagan* v. *Flanagan*, 8 Abb. N. C. 413; *Hall* v. *Hall*, 71 Me. 326; *Aaron* v. *Beck*, 9 Rich. Eq. 411; *Porter* v. *Thomas*, 23 Ga. 467; *Campbell* v. *Johnson*, 65 Mo. 439; *Bilder-back* v. *Boyce*, 14 S. C. 528, 541; or money be borrowed by mortgage on the lands devised, *Watkins* v. *Williams*, 3 Macn. & G. 622; *Hoyt* v. *Jaques*, 129 Mass. 286; *Downie* v. *Downie*, 9 Biss. 353; *Marvin* v. *Smith*, 56 Barb. 600, 46 N. Y. 571; *Campbell* v. *Low*, 9 Barb. 585; *Stokes* v. *Payne*, 58 Miss. 614; *Kinnan* v. *Guernsey*, 64 How. Pr. 253; *Peace* v. *Spierin*, 2 Desauss. 460; *Slem-mer* v. *Crompton*, 50 Iowa 302; also *Ferry* v. *Laible*, 4 Stew. Eq. 569, note; see, further, 28 Alb. L. J. 343.—Rep.